UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CIV-61206-BLOOM/Valle

JACKSON MYRTYL,

    Plaintiff,
v.

NATIONSTAR MORTGAGE LLC,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** came before the Court on Plaintiff Jackson Myrtyl's ("Plaintiff") Complaint, ECF No. [1]. The Court has carefully reviewed the Complaint, the record and applicable law, and for the reasons set forth below, dismisses Plaintiff's Complaint.

### I.  BACKGROUND

Plaintiff, *pro se*, commenced the instant action on June 5, 2015. The Complaint alleges that Defendant Nationstar Mortgage LLC ("Nationstar") wrongfully obtained judgment against him in a state court foreclosure proceeding. Plaintiff alleges that Nationstar engaged in predatory lending practices, claims that Nationstar was not the legal assignee of his mortgage and note, challenges Nationstar's standing in the foreclosure action, asserts that the judge in the state court proceeding lacked jurisdiction to enter judgment against him, and accuses the Florida state courts of corruption and bias. Compl. at 7 ¶ 21; 8 ¶ 4; 9 ¶ 1; 10-11 ¶¶ 14-20. The Complaint asserts, in a single clause, that Nationstar is in violation of section 2605(e) of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA"), but otherwise provides no factual support for that allegation.

The Complaint specifically references and describes the underlying state court foreclosure proceeding before the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Circuit Court"), styled *Nationstar Mortgage LLC v. Myrtyl*, Case No. CACE-14-015039 (the "Foreclosure Action"). Accordingly, the Court takes judicial notice of the public record filings in the Foreclosure Action. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (court may take judicial notice of public filings "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents"); *Universal Express, Inc. v. U.S. SEC*, 177 F. App'x. 52, 53 (11th Cir. 2006) (courts may take judicial notice of public records, such as a complaint filed in another court); *Haddad v. Dudek*, 784 F. Supp.2d 1308, 1324 (M.D. Fla. 2011) ("[T]he Court may take judicial notice of and consider documents which are public records, that are attached to the motion to dismiss, without converting the motion to dismiss into a motion for summary judgment.").

Nationstar commenced the Foreclosure Action on August 5, 2014. On August 29, 2014, Plaintiff answered and asserted affirmative defenses. Nationstar filed a motion to strike Plaintiff's affirmative defenses on September 18, 2014, which the Circuit Court granted over Plaintiff's objection on November 7, 2014. That same day, the Circuit Court set a non-jury foreclosure trial for January 7, 2015. Nationstar filed a motion for summary judgment of foreclosure on December 10, 2014. Plaintiff requested additional time to respond, which the Circuit Court granted; Plaintiff obtained representation, and objected to the motion. On March 11, 2015, the Circuit Court granted Nationstar's motion for summary judgment and entered a final judgment of foreclosure. The foreclosure sale was noticed on April 3, 2015. A suggestion of bankruptcy was filed on April 28, 2015, and the foreclosure sale was canceled the next day.

On June 5, 2015, Plaintiff filed a notice of lis pendens in the Foreclosure Action, referring to his request for injunctive relief in this action.

Plaintiff filed a voluntary chapter 13 petition on April 28, 2015.[1] *In re Myrtyl*, Bankr. Case No. 15-17642 (Bankr. S.D. Fla. 2015). That same day, the Bankruptcy Court directed Plaintiff to file a chapter 13 plan and the required bankruptcy schedules and information. Plaintiff failed to do so, and on May 19, 2015, the Bankruptcy Court dismissed Plaintiff's bankruptcy case with prejudice as to the filing of any bankruptcy case within 180 days of that order.

The instant Complaint requests equitable and injunctive relief enjoining Nationstar from foreclosing and/or selling Plaintiff's residential real property. Plaintiff seeks no other relief.

## II.   DISCUSSION

The Court has the obligation to answer questions of the existence of its subject matter jurisdiction *sua sponte*. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976); *Arthur v. Haley*, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001). Undertaking that assessment, the Court concludes that the *Rooker-Feldman*[2] doctrine bars Plaintiff's action.

### A.   The *Rooker-Feldman* Doctrine Bars The Instant Action

"The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) (federal district courts have "no authority to review final judgments of a state court"); *Doe v. Florida Bar*, 630 F.3d

---

[1] The Court also takes judicial notice of Plaintiff's bankruptcy proceeding.
[2] *Rooker v. Fid. Trust. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S.

3

1336, 1340-41 (11th Cir. 2011) (where applicable, *Rooker-Feldman* deprives federal court of subject matter jurisdiction). *Rooker-Feldman* is "confined to cases of the kind from which the doctrine acquired its name: 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 (11th Cir. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine applies to claims actually raised before the state court "and to those 'inextricably intertwined' with the state court's judgment." *Casale*, 558 F.3d at 1260. The *Rooker-Feldman* analysis is a two-part inquiry: first, whether the state court proceedings have ended, and second, whether the plaintiff's claims are "inextricably intertwined" with the state court judgment. *See Velazquez v. South Fla. Fed. Credit Union*, 546 Fed. App'x 854, 856-57 (11th Cir. 2013).

1. **Whether the state court proceedings have ended**

In order for *Rooker-Feldman* to apply, the state court proceedings must end, which occurs in three scenarios:

> (1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, (2) if the state action has reached a point where neither party seeks further action, and (3) if the state court proceedings have finally resolved all the federal questions in the litigation but state law or purely factual questions (whether great or small) remain to be litigated.

*Nicholson*, 558 F.3d at 1275 (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 21 (1st Cir. 2005)). Determining the issue of whether the state court proceedings have ended requires examining the state of the proceedings "at the time the plaintiff commences the federal court action." *Id.* at 1279.

462 (1983).

The first two *Nicholson* scenarios clearly apply here. The Circuit Court rendered a final judgment of foreclosure against Plaintiff on March 11, 2015. Plaintiff was required to file an appeal within thirty days of that final judgment. Fla. R. App. P. 9.110(b); *see also Alvarez v. Crews*, 2014 WL 29592, at *4 (S.D. Fla. Jan. 3, 2014) (holding that plaintiff's appeal period expired thirty days after the judgment was entered). Plaintiff's appeals deadline expired on April 10, 2015, before the June 5, 2015 commencement of this action. As such, with respect to the foreclosure judgment, state court appellate review is precluded, and "the state action [ ] reached a point where neither party seeks further action."

### 2. Whether Plaintiff's claims are "inextricably intertwined" with the state court judgment

A claim is inextricably intertwined with a state court judgment "if it would 'effectively nullify' the state court judgment, or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Casale*, 558 F.3d at 1260 (quoting *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996) and *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)); *see also Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1316 (S.D. Fla. 2011).

Plaintiff attacks the jurisdiction and judgment of the Circuit Court and explicitly asks the Court to enjoin Nationstar from proceeding in the Foreclosure Action before the Circuit Court. Plaintiff requests no other relief. The Complaint is, very straightforwardly, a collateral attack on the Circuit Court's proceeding and on its findings and final judgment. *Rooker-Feldman* precludes the Court from considering Plaintiff's claims.

### B. The Foreclosure Sale and The Anti-Injunction Act

If the Court were not jurisdictionally precluded from considering Plaintiff's Complaint, the Anti-Injunction Act would bar Plaintiff's attempt to enjoin Nationstar from continuing the

Foreclosure Action

Due to Plaintiff's filing for bankruptcy protection, the Circuit Court cancelled the foreclosure sale with respect to Plaintiff's residential property subject of the Circuit Court's final foreclosure judgment. While Plaintiff's bankruptcy case has been dismissed, the foreclosure sale has not (yet) been rescheduled in the Foreclosure Action. Regardless, the Anti-Injunction Act would bar Plaintiff's request for injunctive relief.

Under the Anti-Injunction Act, a district court may not enjoin state proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. None of those there exceptions apply here. Congress has not expressly authorized the Court to interfere with state court foreclosure proceedings in the manner requested by Plaintiff here. "The second exception, or 'necessary in aid of its jurisdiction' exception, applies in two narrow circumstances: (1) the federal court gains jurisdiction over res in an in rem proceeding before a party brings a subsequent state court action; or (2) the federal court is presented with a similar context, such as the need to protect an earlier injunction." *Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669, 678 (11th Cir. 2014) (citing *Burr & Forman v. Blair*, 470 F.3d 1019, 1028-29 (11th Cir. 2006)). Neither basis applies here: the Circuit Court gained jurisdiction over the *res* (Plaintiff's residential real property) first, and this Court has not issued any injunction with respect to Plaintiff or his property requiring protection. The third exception, relitigation, "is applicable where subsequent state law claims 'would be precluded by the doctrine of *res judicata*.'" Arthur, 569 F. App'x at 678 (citing *Burr & Forman*, 470 F.3d at 1029-30). "[T]he party seeking the injunction must make a strong and unequivocal showing of relitigation." *Delta Air Lines, Inc. v. McCoy Rests., Inc.*, 708 F.2d 582, 586 (11th Cir. 1983) (internal quotation marks omitted). That exception

6

plainly does not apply here.

### III.     CONCLUSION

The facts here read very much like the archetypical scenario the *Rooker-Feldman* doctrine was designed to eliminate. Plaintiff lost before the Circuit Court. Unhappy with that outcome or its consequences, he filed for bankruptcy. But he failed to prosecute his bankruptcy case and it was dismissed. He then filed the instant action, seeking to overturn or enjoin the Foreclosure Action and prevent the foreclosure sale from going forward. Unfortunately for Plaintiff, this is not the proper forum in which to complain about the Circuit Court's final judgment. The Court dismisses Plaintiff's Complaint without prejudice, since it is jurisdictionally precluded from considering Plaintiff's claims under the *Rooker-Feldman* doctrine.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff Jackson Myrtyl's Complaint, ECF No. [1], is **DISMISSED without prejudice**, based on the *Rooker-Feldman* doctrine. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in chambers at Fort Lauderdale, Florida, this 2nd day of July, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record